IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-343-D

| | |
|---|---|
| ALAN PITTS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JAMES D. O'GEARY, et al., ) | |
| ) | |
| Defendants. ) | |

On June 14, 2012, Alan Pitts, Seneca Nicholson-Pitts, and Deryl Von Williams ("plaintiffs") filed a pro se complaint under the Voting Rights Act of 1965, 42 U.S.C. § 1973c, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 [D.E. 1]. The complaint is thirty pages long, exclusive of numerous attachments, and names as defendants fourteen individuals in their individual and official capacities (apparently) and five entities. Essentially, plaintiffs appear to contest issues surrounding the October 2011 and May 2012 municipal elections in Henderson, North Carolina. See Compl. 1, 15. Plaintiffs request injunctive relief, declaratory relief, and punitive damages.

Defendants John H. Zollicoffer, Jr., Sara M. Coffey, Garry Daeke, Frank Frazier, Ray Griffin, Michael C. Inscoe, James D. O'Geary, D. Michael Rainey, Brenda G. Peace-Jenkins, George M. Daye, James C. Kearney, Sr., Faye Gill, and Vance County Board of Elections (collectively, "defendants") move to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) [D.E. 9, 28, 30]. Plaintiffs responded in opposition [D.E. 33, 34]. As explained below, plaintiffs did not properly serve process on the defendants. Thus, the court lacks personal jurisdiction over the defendants, and defendants' motions to dismiss are granted.

I.

On July 30, 2012, defendant John H. Zollicoffer, Jr., moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process [D.E. 9]. Zollicoffer has served as the City Attorney for the City of Henderson, North Carolina, since 1972. [D.E. 9-1] ¶ 2. The City Attorney position is part-time. Id. Zollicoffer is not a city employee and maintains his own law firm in Henderson. Id. ¶¶ 1–2. In moving to dismiss the complaint against him, Zollicoffer submitted his own affidavit, id., the affidavit of his paralegal Kathie G. Adcock [D.E. 9-2], and the affidavit of his secretary Eva Lassiter [D.E. 9-3]. Zollicoffer states that no one served any document related to this case on him personally or delivered any such document to his home. [D.E. 9-1] ¶ 5. Likewise, he never received the complaint and summons in this case by mail or other commercial delivery service. Id. Moreover, Zollicoffer does not have an agent authorized to receive service of process on his behalf and has never appointed anyone in his law office (or anywhere else) as an authorized agent for purposes of receiving service of process. Id.

Lassiter's affidavit states that she was working at Zollicoffer's law firm on June 21, 2012. [D.E. 9-3] ¶ 4. At approximately 4:30 p.m., a young man came into the office and handed her a manilla envelope with Zollicoffer's name on it. Id. ¶ 5. Lassiter asked the young man who the envelope was from and he said that he did not know. Id. Lassiter left the envelope at the front desk. Id. ¶ 9.

On June 21, 2012, at approximately 6:00 p.m., Zollicoffer's law partner, Mike Satterwhite, discovered a manilla envelope at the front desk with Zollicoffer's name on it. [D.E. 9-1] ¶ 6. He mentioned the envelope to Zollicoffer. That was the first time that Zollicoffer learned about the envelope. Id. On June 22, 2012, Zollicoffer learned from Lassiter that an unidentified male had left the envelope with Lassiter the day before. See id. ¶ 7.

2

On August 24, 2012, defendants James O'Geary, Ray Griffin, Frank Frazier, Sara Coffey, Garry Daeke, Michael Inscoe, D. Michael Rainey, Brenda Peace-Jenkins, George Daye, and James Kearney, Sr., filed their motion to dismiss [D.E. 28]. Like Zollicoffer, they contend that the court should dismiss the complaint against them under Rule 12(b)(5) for insufficient service of process. Id.

O'Geary is the Mayor of Henderson. [D.E. 28-1] ¶ 1. The office of Mayor is a part-time position, and O'Geary is otherwise retired. Id. ¶¶ 2–3. Griffin is the Henderson City Manager and his office is in City Hall. [D.E. 28-2] ¶¶ 1, 3. Frazier is the Assistant City Manager in Henderson, and his office is in City Hall. [D.E. 28-3] ¶¶ 1, 4. Coffey, Daeke, Inscoe, Rainey, Peace-Jenkins, Daye, and Kearney are all Henderson City Council members. [D.E. 28-4, 28-5, 28-6, 28-7, 28-8, 28-9, 28-10]. Henderson City Council members serve part-time, and all of them are employed elsewhere or are retired. See, e.g., [D.E. 28-4] ¶ 3.

On July 13, 2012, a young woman approached receptionist Emma Granston at City Hall with a box containing numerous envelopes. [D.E 28-11] ¶ 2. The young woman said that "Ms. D." sent her. Id.; [D.E. 28-12] ¶ 4. The young woman did not identify herself or ask to see the Mayor, the City Manager, the Assistant City Manager, or any member of the City Council. [D.E. 28-12] ¶ 5. She also did not ask if any of them were present in the building. Id. The young woman left without the box or the envelopes. See [D.E. 28-12]. Granston requested assistance from the City Clerk Esther McCrackin. [D.E. 28-11]. McCrackin looked in the box. [D.E. 28-12]. There was no envelope addresses to the City of Henderson as a municipal corporation. Id.

The Henderson officials were never personally served with the complaint and summons, and no such documents were delivered to their homes. [D.E. 28-1, 28-2, 28-3, 28-4, 28-5, 28-6, 28-7,

3

28-8, 28-9, 28-10]. Likewise, they have not received any such documents by mail or commercial delivery service and have never appointed an agent to receive service of process on their behalf. [D.E. 28-1, 28-2, 28-3, 28-4, 28-5, 28-6, 28-7, 28-8, 28-9, 28-10, 28-12].

On September 11, 2012, defendants Vance County Board of Elections and Faye Gill, the Director of the Vance County Board of Elections, filed a motion to dismiss [D.E. 30]. They contend that dismissal is proper under Rules 12(b)(2), 12(b)(4), and 12(b)(5). Id.; [D.E. 31].

According to Gill, on July 13, 2012, she was in her office. [D.E. 30-1] ¶ 3. Two female children came to her office holding an envelope. Id. Gill states that one child was approximately eight years old and the other child was no more than twelve years old. Id. Neither child was age eighteen. Id. The children gave the envelope to Gill and left. See id. The envelope contained a copy of the complaint, but did not contain a summons. Id. ¶ 6.

## II.

Initially, the court addresses whether it may, sitting alone, evaluate plaintiffs' complaint to ensure that jurisdictional requirements are met. Plaintiffs assert that defendants failed to preclear certain voting changes in violation of section five of the Voting Rights Act, 42 U.S.C. § 1973c. See Compl. 27–29. Plaintiffs also request that a three-judge court preside over this case. See Compl. 30. Plaintiffs' action arises in Vance County, North Carolina, which is a jurisdiction covered by section five of the Voting Rights Act. See 28 C.F.R. pt. 51 app. (2011). Only a three-judge court may rule on the merits of a claim alleging the failure to preclear a voting change in accordance with section five of the Voting Rights Act. See 42 U.S.C. § 1973c(a).

Although a single judge may not decide the merits of a plaintiff's claim when the plaintiff properly requests a three-judge panel, "[a] single judge has some limited power to determine whether

4

cases are appropriate for a three-judge court." Backus v. Spears, 677 F.2d 397, 400 (4th Cir. 1982); see 28 U.S.C. § 2284(b)(1) (providing "the judge to whom the request is presented" discretion to "determine[] [if] three judges are not required"); Goosby v. Osser, 409 U.S. 512, 518 (1973); LaRouche v. Fowler, 152 F.3d 974, 981–82 (D.C. Cir. 1998). In particular, the Supreme Court has "always recognized" that a single judge may review the complaint for jurisdictional defects. Gonzalez v. Automatic Emps. Credit Union, 419 U.S. 90, 96 n.14 (1974); see, e.g., Ex parte Poresky, 290 U.S. 30, 31–32 (1933) (per curiam); Md. Citizens for a Representative Gen. Assemb. v. Governor of Md., 429 F.2d 606, 611 (4th Cir. 1970). If the single judge discovers jurisdictional defects, that judge has the power to dismiss the complaint. See, e.g., Gonzalez, 419 U.S. at 96 n.14; Poresky, 290 U.S. at 32; Md. Citizens, 429 F.2d at 611; Jacobs v. Tawes, 250 F.2d 611, 613–14 (4th Cir. 1957). Thus, the court, sitting alone, may consider whether it has personal jurisdiction over defendants and dismiss the complaint if it lacks such jurisdiction due to insufficient process or service of process.

Plaintiffs are proceeding pro se. Nonetheless, they must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam); Cherry v. Spence, 249 F.R.D. 226, 228 (E.D.N.C. 2008). Absent waiver of service of process or consent, the failure to obtain proper service of process deprives the court of personal jurisdiction over a defendant. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); FDIC v. Schaffer, 731 F.2d 1134, 1135–36 (4th Cir. 1984); Cherry, 249 F.R.D. at 228.

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. [Plaintiffs are] responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes

5

service." Fed. R. Civ. P. 4(c)(1). Furthermore, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiffs show good cause for the failure to make service. Fed. R. Civ. P. 4(m); Lescs v. Martinsburg Police Dep't, 119 F. App'x 505, 506 n.* (4th Cir. 2005) (per curiam) (unpublished); Mendez v. Elliot, 45 F.3d 75, 78–80 (4th Cir. 1995).

Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). Rule 12(b)(2) provides for dismissal due to a lack of personal jurisdiction. Rule 12(b)(4) provides for dismissal for insufficient process. Rule 12(b)(5) provides for dismissal for insufficient service of process. Plaintiffs must prove proper service under the Federal Rules of Civil Procedure. See Mendez, 45 F.3d at 78–80; see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Plaintiffs have failed to meet this burden.

First, plaintiffs did not provide defendants Gill and the Vance County Board of Elections the proper documents to complete service of process. Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Service of a complaint without a summons is improper. See, e.g., id.; Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350–51 (1999); Cherry, 249 F.R.D. at 228; 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093 (3d ed. 2002) (collecting cases). Here, plaintiffs attempted to complete service on Gill and the Vance County Board of Elections, but failed to include a summons. Thus, plaintiffs failed to complete service in accordance with Rule 4(c)(1).

In opposition to this conclusion, plaintiffs appear to argue that Gill's actual knowledge of the complaint and the motion to dismiss of Gill and the Vance County Board of Elections are sufficient

to prove proper service. [D.E. 33] 8. Plaintiffs are incorrect. See Friedman v. Estate of Presser, 929 F.2d 1151, 1155 (6th Cir. 1991) (collecting cases); Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Indeed, plaintiffs do not even address Gill's affidavit, which states that the envelope containing the complaint that was delivered to the Vance County Board of Elections did not contain a summons. [D.E. 30-1] ¶ 6. Here, the failure to properly serve the summons with the complaint is fatal. See Fed. R. Civ. P. 4(c)(1); Murphy Bros., 526 U.S. at 350.

Second, even if plaintiffs had included the summons and complaint in the various envelopes, plaintiffs failed to properly serve process on the defendants sued in their individual capacities. "Each defendant, whether there be one or many, and whether they be members of the same family or strangers, must be served as provided by statute or rule." Gant v. Kant, 314 F. Supp. 2d 532, 533 (D. Md. 2004); see Mendez, 45 F.3d at 78–80; Cherry, 249 F.R.D. at 228. A federal plaintiff may serve process on a defendant sued in his or her individual capacity by delivering a summons and complaint to the individual personally, by leaving a summons and complaint at the individual's house or other place of abode with someone of suitable age and discretion who resides there, by serving the individual's authorized agent, or by serving the individual in compliance with the law of the state where the federal court is located. See Fed. R. Civ. P. 4(e). As the defendants' affidavits make clear, plaintiffs failed to comply with this obligation as to the defendants sued in their individual capacities. Indeed, plaintiffs' responses do not even suggest that they made proper service on any defendant sued in his or her individual capacity. See [D.E. 33, 34]. Thus, this court lacks personal jurisdiction over the defendants sued in their individual capacities.

As for the defendants sued in their official capacities or the entity defendants (e.g., the City of Henderson or Vance County Board of Elections), a federal plaintiff may serve process on a local

7

government by delivering a copy of the summons and complaint to its chief executive officer or by serving the local government in compliance with the law of the state where the federal court is located. See Fed. R. Civ. P. 4(j)(2). As the defendants' affidavits make clear, plaintiffs did not comply with North Carolina's rules for serving process on the City of Henderson or the Vance County Board of Elections. See N.C. R. Civ. P. 4(j)(5)(a) (process may be served on a city by personally delivering the summons and complaint to the city's "mayor, city manager or clerk," or by sending the summons and complaint through the postal service or a private equivalent thereof addressed to the city's mayor, manager, or clerk and obtaining a return receipt). Likewise, they did not comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(j)(2).

In opposition to this conclusion, plaintiffs appear to make two arguments. First, plaintiffs submit the affidavit of Deryl Von Williams [D.E. 34-1]. Williams asserts that she asked her niece Britney Moore to deliver a copy of the summons and complaint to some unidentified defendant or defendants. Id. ¶ 5. Williams then asserts that she asked her niece to provide "an affidavit to that effect, [but] she declined to provide one asserting that she did not want to be involved in a law suit [sic] against the City." Id. ¶ 6. However, Williams's affidavit is not evidence that plaintiffs properly served any defendant. Indeed, nothing in Williams's affidavit suggests that the envelopes contained a summons and complaint for each defendant. Second, plaintiffs appear to suggest that because counsel for some defendants filed a notice of appearance and motion to dismiss, their service must have been proper. [D.E. 34] 6–7. However, a party's knowledge of a lawsuit and a motion to dismiss under Rules 12(b)(2), 12(b)(4), or 12(b)(5) does not equate to proper service. See Friedman, 929 F.2d at 1155; Armco, Inc., 733 F.2d at 1089. Thus, this argument fails.

Plaintiffs did not complete service of process on these defendants. Although plaintiffs filed their complaint on June 14, 2012, they did not effect service of process within 120 days. Good cause

8

does not exist for plaintiffs' failure to effect service of process. See Mendez, 45 F.3d at 78–80. Thus, plaintiffs' complaint is dismissed without prejudice against these defendants. See id.; Fed. R. Civ. P. 4(m) & 6.

III.

In sum, the court GRANTS the motions to dismiss [D.E. 9, 28, 30]. The complaint against defendants Zollicoffer, O'Geary, Griffin, Frazier, Coffey, Daeke, Inscoe, Rainey, Peace-Jenkins, Daye, Kearney, Gill, and Vance County Board of Elections is DISMISSED without prejudice. In addition, because plaintiffs failed to serve defendants Gary O. Bartlett, North Carolina Board of Elections, North Carolina General Assembly, State of North Carolina, City of Henderson, and Lonnie Davis, Jr. within 120 days of filing the complaint, the court also DISMISSES without prejudice the complaint against these defendants. Plaintiffs' remaining motion [D.E. 36] is DISMISSED.

SO ORDERED. This 17 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge